IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHELLO M. TRAVIS, | ) | BANKRUPTCY CASE NO. |
| | ) | 08-12184-DHW |
|    Debtor. | ) | (Chapter 13) |
| | ) | |
| CHELLO M. TRAVIS, | ) | |
| | ) | DISTRICT COURT MISC. NO. |
|    Plaintiff, | ) | 1:09mc3433-MHT |
| | ) | |
|    v. | ) | |
| | ) | (Bankruptcy Adversary |
| CREDIT SYSTEMS | ) | Proceeding No. |
| INTERNATIONAL, INC., | ) | 09-01006-DHW) |
| FRAZER, | ) | |
| | ) | |
|    Defendant. | ) | |

OPINION AND ORDER

This case is before the court on defendant Credit Systems International, Inc.'s motion to withdraw. Based on the papers submitted to this court, and for the reasons state below, it is ORDERED that defendant Credit Systems International, Inc.'s motion to withdraw (doc. no. 1) is granted.

The clerks of the bankruptcy court and this court are DIRECTED to take all steps necessary to transfer to the

United States District Court for the Middle District of Alabama the adversary proceeding, initiated by plaintiff Chello M. Travis with a complaint filed on January 13, 2009 (bankruptcy case no. 08-12184-DHW (Chapter 13) and bankruptcy adversary proceeding no. 09-01006-DHW, M.D. Ala.).  The clerk of this court shall set up the transfer case as a separate civil case, with a separate and new civil action number.

***

For the following reasons, this court exercises its discretion to withdraw the reference to the bankruptcy court for cause under 28 U.S.C. § 157(d).[1]  First,

---

1.  The factors to be considered by the court in exercising its § 157 discretion include: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand; and (8) prevention of delay.  In re Childs, 342 B.R. 823, 827 (M.D. Ala. 2006) (continued...)

2

Travis's claims arise out of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Because these claims arise out of non-bankruptcy federal law, the bankruptcy court has no special expertise in resolving the claims. Thus, it is not a more efficient use of judicial, and the parties', resources, to try these claims before the bankruptcy court.

Second, and also related to the preservation of judicial and parties' resources, the FDCPA claims are non-core; that is, they do not "arise under" or "arise in" Title 11. In re Toledo, 170 F.3d 1340, 1349 (11th Cir. 1999). At most, the bankruptcy court has non-core jurisdiction over the claims. The bankruptcy court's determinations, absent withdrawal, would therefore be subject to de novo review in this court, in any event. 28 U.S.C. § 157(c)(1).[2]

---

1(...continued)
(Albritton, J).

2. It is, indeed, unclear whether the bankruptcy court has jurisdiction over the FDCPA claims at all.

3

Finally, Travis consents to the withdrawal.

The United States District Court for the Middle District of Alabama will therefore take jurisdiction over Travis's adversary proceeding against Credit Systems International, Inc., in its entirety.

DONE, this 3rd day of March, 2009.

        /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE